THE PENNSYLVANIA RAILROAD COMPANY

*v.*

THE PEMBERTON AND NEW YORK RAILROAD COMPANY and others.

Those who have guaranteed the payment of a debt, for failure to pay which relief is sought under the fifty-seventh section of the act respecting railroads and canals, are, on payment of the debt, entitled to the benefit of that section, as creditors in respect of the debt so paid, notwithstanding the fact that they have guaranteed the payment thereof.

Bill for relief and general demurrer.

*Mr. B. Gummere,* for demurrant.

*Mr. E. T. Green,* for complainants.

THE CHANCELLOR.

The bill is filed by the Pennsylvania Railroad Company on behalf of themselves, and all other creditors of the Pemberton and New York Railroad Company who may come in and contribute to the expenses of the suit, under the fifty-seventh section of the "act respecting railroads and canals." *Rev.* 1874–5, p. 709. That section provides that, whenever any railroad, canal or turnpike company, incorporated under the laws of this state, shall have become insolvent, or shall have failed, for ninety days after the same shall have become due, to pay the principal or interest on any mortgage on the property or franchises of the company, it shall be lawful for the chancellor, upon the application of any creditor, mortgagee or stockholder of the company, to appoint a receiver or receivers, or three trustees, who shall have and exercise all the powers and authority of receivers under the " act concerning corporations;" and it shall be lawful for such receiver or receivers, or trustees, to sell or lease the canal, railroad, or turnpike belonging to such company, together

with all the chartered rights, privileges, and franchises of such company; and the purchaser or purchasers, lessee or lessees, of such work, chartered rights, privileges, and franchises, shall thereafter hold, use, and enjoy the same during the whole of the residue of the term limited in the charter of the company, or during the term in such lease specified, in as full and ample manner as the stockholders of such company could or might have enjoyed the same, subject, however, to all the restrictions, limitations, and conditions contained in the charter; and on filing in the office of the secretary of state, within six months after such sale or lease, a certificate that they accept under some corporate name, different from that of the company whose property has been sold or leased, the charter of the company, such purchaser or purchasers shall become a corporation under the name so specified, with all the powers, rights, privileges, and franchises of the former company; and the lessee or purchaser, or the corporation so formed by them, shall hold and enjoy the same free and clear of all debts, claims and demands of creditors, mortgagees, or stockholders, who shall look only to the fund arising from such lease or sale; which money, as collected, shall be paid into the court of chancery; but where the property is subject to a mortgage the chancellor shall, if the principal is not due, direct a sale or lease to be made subject to the lien of the mortgage.

The bill is filed against The Pemberton and New York Railroad Company, The New Jersey Southern Railroad Company, Benjamin Williamson, surviving trustee under a mortgage made by the latter company, Robert F. Stockton, receiver of that company, and Joseph P. Bradley, surviving trustee under the mortgage given by The Pemberton and New York Railroad Company, to secure certain bonds for non-payment of the interest on which the bill is filed. It prays for the appointment of a receiver under the provisions of the act concerning corporations, and that the receiver may be decreed to make sale of the railroad property, franchises, and things of The Pemberton and New York Rail-

road Company, subject to the last-mentioned mortgage, executed in favor of George R. Upton (now deceased) and Joseph P. Bradley, the principal of which will be due, by its terms, irrespective of forfeiture arising from non-payment of interest, in the year 1900 (to which sale the complainants give their assent), and that the receiver be directed to apply the proceeds of the sale, after paying costs and expenses, first, to the payment of past due interest coupons of the bonds secured by that mortgage, and then to bring the balance into this court. The bill also contains a general prayer for relief. It states the incorporation of the Pemberton and New York Railroad Company, by act approved on the 3d of February, 1870; that the charter empowers them to borrow money for the purpose of the company, and to secure the repayment thereof by bond and mortgage upon their property or otherwise, and gives authority to any corporation or corporations under the laws of this state, to endorse their bonds, and subscribe for and take any amount of their capital stock; and it also states that the company were, by the charter, authorized to lease their road or any part of it, or consolidate with or lease any railroad in this state which might thereafter be built. It appears by the bill that the company, having organized and negotiated a series of their bonds on or about the 1st of April, 1870, to the amount of $375,000, secured the payment thereof by a mortgage of that date (which was also the date of the bonds) to Messrs. Upton and Bradley, on their railroad and its equipments, appurtenances, property, franchises and things in the mortgage mentioned and described. The principal was, as before mentioned, made payable in 1900, but bore interest at seven per cent. per annum, payable, on the presentation and surrender of the interest coupons attached to the bonds, on the first day of March and the first day of September in each year. Before the issuing of those bonds, and in October in the year 1869, the companies known as The United Companies entered into a contract with a corporation then known as The Raritan and Delaware

Bay Railroad Company, to construct a railroad from a point at or near Manchester, in this state, to a point at or near Pemberton, in this state, and connecting the railroad of the latter company with the Burlington County Railroad. For the purpose of constructing that road, the latter company were to issue bonds to the amount of $375,000, to be secured by a first mortgage on the connecting railroad and the property and franchises thereof that might at any time be acquired. The principal of the bonds was to be payable in not less than twenty years, and interest was to be payable thereon at the rate of seven per cent. per annum, and the payment of the principal and interest was to be guaranteed by the United Companies. It was further agreed that in case it should be necessary or proper, in order effectually to carry out the purpose of that agreement, a charter for a company should be obtained and a company organized thereunder, and the bonds and mortgages were to be made by such company, and guaranteed by the United Companies. On the 16th of February, 1870, the name of The Raritan and Delaware Bay Railroad Company was, by act of the legislature, changed to the New Jersey Southern Railroad Company, and that company procured the passage of the act incorporating the Pemberton and New York Railroad Company, to construct the connecting road, and the latter company issued the bonds provided for in the agreement above mentioned, and they were guaranteed by the United Companies. The New Jersey Southern Railroad Company acquired all the stock of the Pemberton and New York Company, and have been operating the connecting road and taking the receipts thereof, but have failed to pay the interest on the bonds.

The bill states that Benjamin Williamson, esquire, as surviving trustee, by virtue of some indenture of mortgage executed by the New Jersey Southern Railroad Company to secure bonds issued and negotiated by them, or by force of some proceeding in this court, has taken possession of the New Jersey Southern Railroad and of the other railroads

and property by them leased, and which were, prior to the filing of the bill in this cause, under their control, and is operating them; and that he is in possession of the road of the Pemberton and New York Railroad Company, and of all their property, and claims to have some interest therein, but the complainants insist that he has no interest whatever in the last-mentioned road, or, if his possession be lawful, that it is subordinate to the rights of mortgage or bond or other creditors. The bill further states the appointment of Robert F. Stockton as receiver of the New Jersey Southern Railroad Company, in 1873. The United Companies, after they had guaranteed payment of the bonds, leased their railroads and canals, with their floating and rolling stock, &c., &c., to the complainants in June 1871, and the latter were required to assume and did assume all the contracts, agreements, obligations, leases, guaranties and liabilities of their lessors, and of each of them, among which was the guaranty of the bonds, for the non-payment of the interest whereon this suit is brought. On the 1st of March, 1874, there became due on these bonds $13,125, for the interest thereon for the six months next preceding, and a like sum of interest became due on the 1st of September following, none of which was paid, though the coupons therefor were duly presented to the Pemberton and New York Railroad Company and payment demanded; but, on the contrary, that company failed and refused to pay them.

The complainants, in order to comply with their obligation towards the lessors in respect to the principal and interest of the bonds, were, as the bill states, compelled to purchase the coupons, and did purchase them accordingly, and they claim that the Pemberton and New York Railroad Company are therefore indebted to them to the amount of the money so paid.

The bill alleges that the last-mentioned company are insolvent and cannot meet their obligations, and that when the bill was filed more than ninety days had elapsed since their failure to pay the overdue interest.

Benjamin Williamson has filed a general demurrer to the bill. Under it he insists that the complainants show no ground for the relief which they seek, because, as he alleges, it is doubtful, from the statements of the bill, whether they apply as creditors or as sureties of the guarantors. Besides, he insists, if they are neither creditors nor mortgagees nor stockholders of the insolvent company, but seek subrogation to the rights of the guarantors, the bill is defective for want of necessary parties, the guarantors and the surviving mortgagees; and he denies that they are entitled to subrogation as sureties, because there is no statement that there was any request on the part of the Pemberton and New York Railroad Company to either the United Companies or the complainants to guarantee the payment of the bonds, nor any consent that they should do so; and, moreover, if it be conceded that the United Companies would be entitled, as guarantors, to subrogation, the complainants show no assignment of the contract of guaranty, and, therefore, have no claim to that relief. He further insists that the bill shows no ground of relief as against him, for he alleges that it is ambiguous as to the character in which he is made defendant, and if it be as mortgagee, he is mortgagee in possession, and it does not appear by the bill but that his mortgage is prior to the mortgage under which the complainants claim.

To consider these objections in the inverse order of statement: The complainants allege that their debt is the debt of the Pemberton and New York Railroad Company, and they allege not that Benjamin Williamson is the mortgagee of that company, but that under some mortgage given by another company, the New Jersey Southern Railroad Company, (which, as the complainants are informed and believe, acquired the property of the Pemberton and New York Railroad Company,) he has entered into possession of the property of the latter company. In view of the fact that the bill does not state that he has any interest in the property of the latter company as mortgagee thereof, there

is no force in the objection made on the ground that the statements of the bill are ambiguous as to his interest in the property, and that if it be sufficiently certain it must be held that he is mortgagee in possession of the property.

The complainants are creditors of the Pemberton and New York Railroad Company. The fact that they may stand in the relation of sureties for them does not alter their rights in this respect. They do not seek subrogation, but claim to be creditors merely. As such they are entitled to the relief sought by the bill. The contract of indemnity on their part was merely between them and the United Companies. The Pemberton and New York Railroad Company claim no benefit from it, and it does not appear that they are entitled to any. And if they be regarded as sureties, they are, as such, on payment of the debt, entitled to the same remedies for the collection thereof to which the creditors themselves would have been entitled. It appears by the bill that the debtor company are insolvent, that they had, for more than ninety days before the bill was filed, failed to pay their interest; that the complainants hold against them a debt of $26,250, in coupons, for unpaid interest; that the debtor company have lost possession of their road and other property; that the mortgagee of the property of another company is in possession of it and is using it and taking the receipts from the use of it, while the interest of their mortgage debt is left wholly unpaid, and that their stock is said to have become the property of that other company.

The relief which is sought by this bill may be granted, according to the statute, on proof, merely, that the company has failed, for ninety days after the same has become due, to pay principal or interest on any mortgage on the property or franchises of the company. There is no want of equity in the bill. The demurrer will be overruled, with costs.